FILED
SUPERIOR COURT
OF GUAM

2023 MAY 16 PM 4: 38

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| HEE K. CHO and MIN S. CHO,<br><br>Plaintiffs,<br><br><br>v.<br><br><br><br>ALUPANG BEACH CLUB, INC. and<br><br>STEVEN KASPERBAUER,<br><br>Defendants. | CIVIL CASE NO. CV 1059-17<br><br><br>**DECISION & ORDER**<br>*Re: Defendants' Second Motion for Summary Judgment* |

This matter came before the Honorable Arthur R. Barcinas on February 15, 2023, upon Defendants Alupang Beach Club, Inc. and Steven Kasperbauer's Second Motion for Summary Judgment ("Second Judgment") filed on March 15, 2022. Plaintiffs Hee K. Cho and Min S. Cho ("Plaintiffs") were represented by Attorney Daniel J. Berman. Defendants Alupang Beach Club, Inc. and Steven Kasperbauer ("Defendants") were represented by R. Todd Thompson. After reviewing the pleadings and oral arguments, for the reasons set forth below, the Court GRANTS Defendants' Second Motion for Summary Judgment.

## BACKGROUND

On August 2, 2018, the Court issued a Decision and Order denying Defendants' first Motion for Summary Judgment Based on Anti-SLAPP Statute, on the grounds that the

differences between the Replacement Horizontal Property Regime ("HPR") and the Amended HPR were not sufficiently material to sustain a claim for CPGA relief. On August 7, 2018, the Defendants appealed the Court's Decision and Order and filed a Notice of Appeal with the Supreme Court of Guam.

On May 28, 2020, the Supreme Court of Guam issued an Order affirming the trial court's decision that summary judgment under the CPGA was not appropriate, albeit on different grounds. The Supreme Court held that summary judgment under the CPGA was inappropriate because the scope and applicability of the parties' Settlement Agreement and Mutual Release ("SAMR") to the Amended HPR was unclear. 2020 Guam 10 ¶ 17. The Supreme Court held that, because the scope and applicability of the Settlement Agreement was unclear, the parties should have the opportunity to flesh out those issues on the merits. *Id.* The Supreme Court stated that, were the Settlement Agreement's scope and applicability to the Amended HPR not subject to interpretation, it would find that CPGA immunity applies. *Id.* The Supreme Court further held that the Settlement Agreement constituted a substantial basis other than or in addition to ABC's petitioning activity to support the Chos' claims, and subsequently ABC could not avail itself of immunity derived from the CPGA. Finally, the Supreme Court held that the alleged breach of contract is an issue to be fully resolved on remand.

On March 15, 2022, Defendants filed the Second Motion for Summary Judgment, sans all claims pursuant to the CPGA. Defendants argued that: (1) Plaintiffs lack standing to seek restitution of the settlement consideration because they did not pay the consideration in the first place; (2) if the Court finds Plaintiffs have standing, courts are unwilling to find waiver of the right to petition in circumstances which fall short of being clear and compelling; and (3) ABC did not "clearly, compelling and unambiguously" waive its right to participate in all GLUC proceedings in perpetuity.

## ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Guam

R. Civ. P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Rule 56(c) of the GRCP further mandates summary judgment against a party, "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A genuine issue of material fact exists if there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder. *Guam Pac. Enter., Inc. v. Guam Poresia Corp. et al.*, 2007 Guam 22. n. 8 (citing *Iizuka Corp. v. Kawasho Int'l (Guam). Inc.*, 1997 Guam 10 ¶ 7). The factual dispute must also concern a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Id.

If the movant demonstrates a lack of a genuine issue of material fact, "the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Edwards v. Pacific Fin. Corp. et al.*, 2000 Guam 27 n. 7 (citations omitted).

## A. Plaintiffs Do Not Sufficiently Prove They Have Standing To Bring This Claim.

"Standing is a threshold jurisdictional matter." *Guam Imaging Consultants v. Guam Mem'l Hosp. Auth.*, 2004 Guam 15 ¶ 17 (citing *Brewer v. Lewis*, 989 F.2d 1021, 1025 (9th Cir. 1993)). Standing is a requirement of subject-matter jurisdiction that must be determined as of the date of filing of the complaint. *Taitano v. Lujan*, 2005 Guam 26 ¶ 15. The Court has no subject-matter jurisdiction over a case when a party lacks standing, and must dismiss the case. *DFS Guam L.P., v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 14. The relevant question the Court must ask regarding standing is "whether the litigant is entitled to have the [C]ourt decide the merits of the dispute or of particular issues." *Benavente v. Taitano*, 2006 Guam 15 ¶ 14 (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Where standing is not expressly conferred by statute, a party must show: (1) "it has suffered an 'injury in fact'"; (2) "that the injury can be fairly traced to the challenged action taken by the defendant"; and (3) that "it is likely and beyond mere speculation that a favorable decision will remedy the injury sustained." *In Re A.B. Won Pat Int'l Airport Auth., Guam*, 2019 Guam 6, ¶¶ 17-18 (citing *Guam Mem'l Hosp. Auth. v. Superior Court*, 2012 Guam 17 ¶ 10).

Plaintiffs' Complaint states that, "[u]nder the SAMR, Hibari Guam Corporation, provided and paid the sum of $490,000, consisting of $475,000.00 to ABC and $15,000.00 to the Lujan Law Firm related to their costs and fees." Compl., at 2. This is corroborated by Section 2.0 of the SAMR, which specifically states that "Hibari Guam shall pay to ABC or its designee the sum of $475,000.00 U.S. Dollars upon the execution of this Settlement and Release" and that "[t]his amount represents payment to ABC or its designee of a disputed claim … and will resolve all of ABC's claims against the Defendants." SAMR, at 5.

Subsection 3.8 of the SAMR further states that, if ABC breaches its obligations under the SAMR, then "Hibari Guam shall have the right to refund for any amounts paid" under the SAMR. *Id.*, at 7. Plaintiffs also stipulate that "ABC gave a right of refund to Hibari Guam for any amounts paid under the SAMR in the event that ABC breached any of the obligations" stated in the SAMR. Compl., at 4.

Plaintiffs now seek restitution of the amount paid by Hibari to ABC, along with accrued interest as of May 9, 2017, allegedly amounting to at least $874,800. As Defendants note, Plaintiffs do not indicate they have sustained any additional injury beyond the amount paid by Hibari to ABC. Plaintiffs allege that they are entitled to the amount because they are "successor[s] to all of the rights and privileges of Hibari Guam Corporation." Compl., at 2. However, Defendants allege that Plaintiffs cannot prove that they are successors to Hibari, and subsequently allege that Plaintiffs therefore have no right to sue for any injury to Hibari or any refund that might be due to Hibari.

Plaintiffs claim that they have uncontroverted proof that they are successors to Hibari's right of refund, citing the Declarations of Plaintiff Hee K. Cho and the 2003 Purchase and Sale Agreement between Hibari Guam and Plaintiff Hee K. Cho. However, Plaintiffs do not cite or quote any specific language in the Purchase and Sale Agreement that support their claim, save for quotations from Plaintiff's Declarations, in which Plaintiff Cho states that "[t]he Cho Group is the sole successor to the Hibari Guam right of refund." Opp. to Second MSJ (quoting Declaration (1st) Hee K. Cho, ¶ 17). The Court does not find Plaintiffs' attempt to use their own Declarations as probative evidence particularly convincing. Furthermore, as Defendants note,

the 2003 Purchase and Sale Agreement predates the 2004 SAMR by more than a year, and the Court does not find it feasible that Hibari would grant a right to refund more than a year before said right even existed. Additionally, Section 4.11(c) of the Purchase and Sale Agreement states that:

> The Alupang Beach Club (tenant of Commercial Unit No. 2) is claiming that it is owed rents under leases known as the "Lillian Lease" and "Akasaka lease" due to Purchaser's prior use for parking and bus turnaround. In addition, Alupang Beach Club has alleged that Seller was negligent in the maintenance of its generator which resulted in damage to certain personal property owned by the Alupang Beach Club. The Seller has denied these allegations. Presently, no lawsuit has been filed. The Seller assumes all liability in connection with these claims.

The Court finds that the explicit assumption of liability by Hibari, combined with the subsequent payment of $475,000 from Hibari to ABC to settle these claims, denotes that the right of refund for said payment attached to Hibari after the Sale and Purchase Agreement was executed. Even if Plaintiffs allegedly succeeded Hibari's rights pursuant to the Sale and Purchase Agreement, the right to refund was not one of them because (1) it did not exist at the time, and (2) the right of refund is tied to the obligation of payment and Hibari's liability to ABC, both of which were excepted from the Purchase and Sale Agreement. Because Plaintiffs are owed no money pursuant to any right of refund, the Court thus finds that there is no injury in fact, and therefore Plaintiffs have no standing.

## CONCLUSION

Accordingly, the Court **GRANTS** the Defendants' Motion for Summary Judgment for lack of standing, and finds in favor of Defendants.

**IT IS SO ORDERED** this day of _____ MAY 1 6 2023 _____.

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
_____Barnam_____
_____Thompson_____
Date: _____ Time: 5/16/23
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**